CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 14 2009

JOHN F CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KERWYN R. FERGUSON, | ) |
| Plaintiff, | ) Case No. 7:09CV00279 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| OFFICER TRENT, ET AL., | ) By: Glen E. Conrad |
| Defendants. | ) United States District Judge |

Plaintiff Kerwyn R. Ferguson, a Virginia inmate proceeding pro se, brings this action which the court construed and filed as a civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343 In his complaint as amended by subsequent submissions, Ferguson alleges that in October 2008, the defendant officials at the Charlotte County Jail ("the jail") refused to release him to a bail bondsman, who was prepared to pay the bond amount set by the court. Ferguson also complains that he should be moved from the jail to a state prison facility to avoid retaliation. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Ferguson alleges the following facts on which his claims are based. On September 28, 2008, he was charged with a hit and run offense for hitting a guardrail, arrested, and detained at the jail. The magistrate set Ferguson's bond at $5000, but later reduced it to $1000. A bondsman from Martinsville, Virginia, came to the jail on October 6, 2008, to post Ferguson's bond. The inmate's aunt had paid the bondsman $300 and co-signed for the remaining bond

amount. At 11:30 a.m., officials called Ferguson to pack his possessions and obtained his address. When he was ready to go, officials told him that the bondsman had been sent away and that Ferguson would not be released. No one explained to Ferguson or to the bondsman why officials would not release Ferguson on the bond. The bond money his aunt had paid was non-refundable. Ferguson alleges that he did not have any outstanding warrants against him or any other reasons to be detained after meeting his bond amount. He did not file a grievance about being denied release on bond, because he did not think he needed to do so.

Ferguson asserts that because he was not released on October 6, 2008, he was unable to reconstruct bond and remained detained until trial. He claims that because he was detained, he was unable to hire adequate representation and his court-appointed attorneys were ineffective. Ferguson also asserts that because he was detained, he lost his job and a down payment on a house.

Ultimately, in February 2009, Ferguson was found guilty and sentenced to seven years with six years suspended and one year of imprisonment and seven years of probation. He must also pay $2,381 for repair of the guardrail and $3,100 for court costs and fees. He claims that because jail officials refused to release him on bond, he was also charged in Martinsville and Henry County for violating probation imposed on charges in those jurisdictions in 2000 and 2001. In April and May 2009, he received additional sentences for these violations.

Ferguson also alleges that he should be transferred to a state facility for his own safety. He states that his time on the Charlotte County charges will be completed on August 21, 2009,

and his remaining sentences are from Martinsville and Henry County.[1] He fears retaliation by Charlotte County Jail officials over the filing of this lawsuit if he remains incarcerated in that jail.

As relief in this action, Ferguson seeks monetary damages to cover lost wages and to compensate him for pain and suffering. He asserts that if he had been released so that he could have obtained adequate counseling, his convictions would never have occurred.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right

---

[1] Ferguson states that his home is in the Martinsville-Henry County area. Jail officials allegedly told Ferguson that they could not transfer him to jails in Martinsville or Henry County while he was serving Charlotte County time, because Charlotte County does not participate in a particular regional jail agreement. He further alleges that because he was not transferred to a local facility at the time of his sentencing on the Martinsville and Henry County charges in May 2009, those facilities will not take him now. Apparently, he presents this information as support for his argument that a state prison is an appropriate place for him to be transferred in order to avoid the alleged danger of retaliation by Charlotte County officials.

to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Ferguson's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Ferguson's complaint that he did not satisfy the requirements of § 1997e(a) before filing this complaint. He states in his amended complaint that he did not file any grievance regarding jail officials' failure to release him to the custody of the bondsman on October 6, 2008. In his verified statement, he indicates that he did not believe this issue was grievable. He sues jail officials for refusing him release, claiming that all the court's requirements for release had been met, and yet, he alleges no facts supporting his belief that this conduct would not have been actionable under the jail's grievance procedures. Because it

- 4 -

appears from plaintiff's own submissions that he did not attempt to utilize the jail's grievance procedures regarding officials' failure to release him, this portion of the complaint must be dismissed without prejudice, pursuant to § 1997e(a).

In any event, the court does not believe that Ferguson has an actionable claim under § 1983 against anyone at the jail for refusing to release him to the bondsman on October 6, 2008. Neither the Due Process Clause of the Fourteenth Amendment nor the Eighth Amendment provide an absolute right to be released on bond. See, gen., United States v. Salerno, 481 U.S. 739 (1987). To the extent that jail officials may have interfered to some extent with the execution of a private contract between Ferguson's aunt and the bondsman, such state law claims are not independently actionable under § 1983, as this statute is intended to vindicate only rights protected under federal law or the Constitution. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, the court declines to exercise supplemental jurisdiction over any such claim, pursuant to 28 U.S.C. § 1367(c), and they will be dismissed without prejudice.

### B. Claims Implicating Validity of Convictions

Ferguson is primarily complaining that the jail officials' failure to release him prevented him from obtaining adequate counsel and thereby caused him to be wrongfully convicted. Claims of this nature are not actionable under § 1983 until the resulting convictions have been overturned or set aside. The United States Supreme Court has held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original). If plaintiff could prove that his defense counsel failed to provide effective representation in some constitutionally significant respect, as he alleges, such a finding would necessarily imply that his convictions were invalid. See Strickland v. Washington, 466 U.S. 668 (1984). As plaintiff has not offered any allegation or evidence that his convictions have been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to those convictions, has not yet accrued. Id. Therefore, Ferguson's §1983 complaint regarding the alleged wrongfulness of his convictions and the adverse consequences he has suffered are not yet actionable under § 1983.[2] Accordingly, the court will dismiss these claims, pursuant to § 1915A(b)(1), for failure to state a claim on which relief can be granted.

### C. Request for Transfer

Ferguson has moved the court for transfer to a state prison in order to avoid any possible retaliation from jail officials. In the alternative, he appears to request that he be transferred to a jail facility closer to his home in Martinsville, since after August 21, 2009, he will have served the criminal sentences imposed in Charlotte County.

---

[2] Because Ferguson does not have an attorney assisting him in this civil action, the court could construe his current allegations as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court does not find such a construction appropriate, however, for several reasons. First, in his current submissions, Ferguson does not allege any specific facts concerning counsel's deficient conduct or explain how such conduct prejudiced his defense. See Strickland, 466 U.S. at 687 (stating that claim of ineffective assistance of counsel requires two-part showing of deficient representation and resulting prejudice). Moreover, Ferguson's submissions offer no indication that he has presented his claims of ineffective assistance to the Supreme Court of Virginia, as required for compliance with 28 U.S.C. § 2254(b) (requiring exhaustion of state court remedies). Finally, Ferguson's allegations concern convictions in several jurisdictions, whereas a § 2254 petition must raise claims regarding the judgment(s) of one state court. See 28 U.S.C. § 2254(a).

- 6 -

Case 7:09-cv-00279-GEC-mfu Document 11 Filed 08/14/09 Page 6 of 8 Pageid#: 40

Inmates have no constitutional right to be housed in any particular prison or jail. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976). Because Ferguson has no constitutional right to be housed in one jail facility and not in others, his allegations suggesting that jail officials' wrongful or negligent actions have caused him to serve all of his sentences in Charlotte County are not actionable under § 1983. Similarly, he has no constitutional right to serve his sentences in a state prison instead of a local jail facility. Furthermore, Ferguson's allegations that he is in danger of retaliatory action from officials at the jail in Charlotte County are nothing more than speculative and conclusory. He alleges no facts on which he bases these fears. Mere conclusory allegations of retaliation do not present any claim actionable under § 1983. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

## Conclusion

For the reasons stated, the court finds that Ferguson's claims regarding jail officials' failure to release him on bond must be dismissed for failure to exhaust administrative remedies, pursuant to § 1997e(a). His other claims for damages, based on his allegedly wrongful convictions, and his claims that he should be transferred to another prison facility to prevent retaliation, must be dismissed pursuant to § 1915A(b)(1), for failure to state a claim upon which relief can be granted. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of August, 2009.

_____
United States District Judge